Filed 9/25/24  P. v. Shipley CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRAIG SHIPLEY,<br><br>    Defendant and Appellant. | H051155<br>(Santa Clara County<br> Super. Ct. No. CC940297) |

## I.  INTRODUCTION

In 2010, defendant Craig Shipley was sentenced to 20 years eight months in prison.  As part of the sentencing, the trial court "impose[d] two one-year prison priors" but then proceeded to "strik[e] the two one-year prison priors."  (See Pen. Code, § 667.5, former subd. (b).)[1]

In 2023, after the Legislature limited the circumstances in which prior prison term enhancements may apply, defendant filed a motion to have his sentence recalled and be resentenced under section 1172.75.  The trial court denied the motion.

On appeal, defendant contends that his due process rights were violated when the trial court denied the motion without first appointing counsel or holding a hearing.  Defendant also argues that he is eligible for relief under section 1172.75 because the

---

[1] All further statutory references are to Penal Code unless otherwise indicated.

original sentencing court struck only the punishment for the prior prison term enhancements, not the enhancement themselves.

For reasons that we will explain, we conclude that the trial court did not have jurisdiction to rule on the motion and we will therefore dismiss the appeal.

## II.  BACKGROUND

### A. *The Convictions and Sentence*

In early 2010, defendant was convicted by plea of two counts of second degree robbery and two counts of attempted second degree robbery (§§ 664, 211, 212.5, subd. (c)).  Allegations were admitted or found true that defendant had two prior serious felony convictions that also qualified as strikes (§ 667, former subds. (a), (b)–(i); former § 1170.12) and that he had served two prior prison terms (§ 667.5, former subd. (b)).  The prior prison terms were based on convictions for second degree burglary (§§ 459, 460, subd. (b)) and possession of a controlled substance (Health & Saf. Code, § 11377, former subd. (a)).

In the probation report, regarding the prior prison term enhancements, the probation officer recommended that the trial court "strike add'l punish purs to 1385 PC."

In late 2010, after striking one of defendant's strikes (see *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), the trial court sentenced defendant to 20 years eight months in prison.  In explaining how the court reached that sentence, the court stated the following regarding the prior prison term enhancements:  "The Court will impose two one-year prison priors for a total term of 2 years.  The Court will strike those pursuant to 1385, which reasons include the following:  [¶]  That the defendant . . . has committed himself in an outstanding manner to his sobriety.  He's done an outstanding job while in custody and doing rehabilitative programs.  And the Court will find that substance abuse played a significant condition on the part of the entire crime spree involved in this case.  I'm, therefore, striking the two one-year prison priors."

2

The abstract of judgment for defendant's case includes the following preprinted instructions, "Enter time imposed for each [enhancement] or 'S' for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S)." The abstract of judgment lists both prior prison term enhancements as "PC667.5(b) x 2" with the notation "**S" in the column for the number of years. Under a section for "[o]ther orders," the abstract of judgment states, "**Stricken pur PC1385."

Defendant appealed from the judgment regarding issues unrelated to the prior prison term enhancements, and this court affirmed the judgment. (*People v. Shipley* (Nov. 17, 2011, H036252) [nonpub. opn.].) In this court's opinion, in summarizing the procedural history of the case, this court stated that the trial "court imposed then struck the additional punishment for the two prison priors (§ 667.5, subd. (b))."

**B.** *Motion for Resentencing Under Section 1172.75*

Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement may apply and effective in 2022, enacted a statute allowing for resentencing in certain cases. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020; former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

On March 24, 2023, defendant, as a self-represented litigant, filed a motion for resentencing under section 1172.75. He contended that his sentence was "illegal under current laws" and that he was entitled to a full resentencing.

On May 9, 2023, the public defender's office filed on behalf of defendant a (second) motion for resentencing pursuant to section 1172.75, apparently unaware of defendant's earlier motion. In the motion, defense counsel contended that defendant was entitled to recall of his sentence and resentencing because the abstract of judgment referred to prior prison term enhancements with the notation " 'PS,' " which meant that

3

only the punishment stricken, not the entire enhancements themselves. The motion was set for hearing on June 6, 2023.

The prosecutor did not file a response to either motion.

Without conducting a hearing, the trial court issued a written order dated May 10, 2023, and filed on May 19, 2023, denying defendant's "motion for resentencing." The court stated that defendant was "not eligible for resentencing under [section 1172.75] because the [original sentencing] court struck the additional punishment for the two prison priors," citing and quoting this court's opinion from defendant's direct appeal in which this court stated that the trial court had "imposed then struck the additional punishment for the two prison priors."

A hearing was held on June 6, 2023, which was the date set for a hearing on defendant's second motion for resentencing, which had been filed by the public defender's office. The record on appeal contains the clerk's minutes for the hearing but not a reporter's transcript. According to the clerk's minutes, defense counsel was present at the hearing, and defendant's appearance was waived. The hearing was continued to June 28, 2023 for "status review."

However, before the status review took place, defense counsel filed a notice of appeal on June 22, 2023, regarding the trial court's May 19, 2023 order denying defendant's motion for resentencing.

### III.  DISCUSSION

Defendant acknowledges case law holding that a defendant may not petition for relief under section 1172.75 and that instead the process must be initiated by the Department of Corrections and Rehabilitation (CDCR). He nevertheless contends that his due process rights were violated when the trial court denied his initial motion for resentencing without first appointing counsel or holding a hearing. He also argues that he is eligible for relief under section 1172.75 because the original sentencing court struck

4

only the punishment for the prior prison term enhancements, not the enhancement themselves.

The Attorney General contends that section 1172.75 requires appointment of counsel only after the CDCR notifies the trial court that a defendant is eligible for relief and that the record in this case does not reflect that the CDCR so notified the trial court. The Attorney General also argues that defendant "did not pursue" the hearing "he was offered" for his second motion for resentencing that was filed by the public defender's office, and instead defendant elected to file a notice of appeal. The Attorney General further contends that defendant is not entitled to relief under section 1172.75 because his prison priors were stayed or the punishment was stricken. As "an alternative . . . middle ground," the Attorney General suggests that, because the parties agree that the enhancements are no longer valid, this court could strike the enhancements without remanding for resentencing under section 1172.75.

In reply, defendant contends that the "procedural developments" in his case "made it unclear as to his eligibility for resentencing relief." Although defendant still seeks a resentencing hearing, he argues that "[a]t a minimum, the Abstract of Judgment should be corrected by removing the now invalid section 667.5, subdivision (b) enhancements."

We determine that the trial court did not have jurisdiction to rule on defendant's first motion for resentencing. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.]" (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) Consequently, a defendant's "freestanding motion challenging [a] sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action. [Citation.]" (*Id.* at p. 640.)

Section 1172.75 authorizes a trial court to recall a sentence and resentence a defendant under specified circumstances. In subdivision (a) of section 1172.75, the Legislature declared that any prior prison term "enhancement that was imposed prior to

5

January 1, 2020," except for an enhancement that was imposed for a prior conviction for a sexually violent offense, "is legally invalid."

In subdivision (b) of section 1172.75, the Legislature required the Secretary of the CDCR and county correctional administrators to "identify those persons in their custody currently serving a term for a judgment that includes [a legally invalid] enhancement described in subdivision (a)" and provide the defendant's name and case number, among other information, "to the sentencing court that imposed the enhancement."

Subdivision (c) of section 1172.75 provides that upon receiving this information, the trial court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."

In *People v. Burgess* (2022) 86 Cal.App.5th 375 (*Burgess*), the appellate court held that section 1172.75 "does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, at p. 384.) Instead, "the Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. (§ 1172.75, subds. (b)–(c).)" (*Ibid.*) The appellate court concluded that the "trial court lacked jurisdiction to adjudicate [the defendant's] motion for resentencing," and that the appellate court "lack[ed] jurisdiction over his appeal from the motion's denial. [Citation.]" (*Id.* at p. 382.)

In *People v. Cota* (2023) 97 Cal.App.5th 318 (*Cota*), the defendant similarly "filed an unauthorized motion for resentencing" prior to the CDCR identifying him as having a prior prison term enhancement. (*Id.* at p. 332.) However, "[e]ventually, during the

6

pendency of the motion, the Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for resentencing" before the trial court ruled on the motion. (*Ibid.*) In that circumstance, "when the Department of Corrections and Rehabilitation provided this identification to the trial court," the appellate court determined that "it triggered the trial court's review and resentencing obligations under section 1172.75, subdivision (b) thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment," and therefore the trial court "had authority over the matter and was statutorily authorized to act. [Citations.]" (*Id.* at pp. 332–333.)

In this case, nothing in the record indicates that the trial court was notified by the CDCR under section 1172.75 before defendant's two motions for resentencing were filed, or before the trial court filed its order denying resentencing. To the contrary, a motion that defendant filed in this court (a now withdrawn motion to temporarily stay the appeal) includes as an attachment a CDCR list containing defendant's name. Defendant cited this list in his motion to temporarily stay the appeal to support his contention that he "had been identified by CDCR as an individual eligible for relief." However, the list is dated June 15, 2023, which is *after* defendant's two motions for resentencing were filed and *after* the trial court ruled on the first motion. The trial court thus "lacked jurisdiction to adjudicate [defendant's] motion for resentencing." (*Burgess*, *supra*, 86 Cal.App.5th at p. 382; see *Cota*, *supra*, 97 Cal.App.5th at pp. 332–333.)

Although defendant acknowledges *Burgess*, he contends that in the present case, to the extent the trial court ruled on the merits of his petition for resentencing, "the trial court's denial was not premised on the lack of jurisdiction to consider a petition initiated by the defendant." Defendant does not persuasively articulate why the reason for the trial court's denial of his petition has any legal significance. If the trial court did not have jurisdiction to rule on defendant's motion, it does not matter why the court denied the motion.

In sum, the "trial court lacked jurisdiction to adjudicate [defendant's] motion for resentencing" (*Burgess*, *supra*, 86 Cal.App.5th at p. 382), and therefore " 'its ruling is void' " (*King*, *supra*, 77 Cal.App.5th at p. 635). "A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b). [Citations.]" (*King*, *supra*, at p. 639.) We therefore must dismiss the appeal. (*Burgess*, *supra*, at p. 385.) The dismissal is without prejudice to the trial court considering anew whether defendant is entitled to relief under section 1172.75, now that the CDCR has apparently identified defendant as having prior prison term enhancements and has presumably notified the trial court accordingly. (See § 1172.75, subds. (b) & (c).)

## IV.  DISPOSITION

The appeal is dismissed without prejudice to the trial court considering anew whether defendant is entitled to relief under Penal Code section 1172.75.

_____
BAMATTRE-MANOUKIAN, ACTING P. J.

WE CONCUR:

_____
GROVER, J.

_____
LIE, J.

***People v. Shipley***
**H051155**